UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMY BIGELOW, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|     v. | ) CAUSE NO: 1:17-cv-1053 |
| | ) |
| INDIANA UNIVERSITY HEALTH | ) |
| SOUTHERN INDIANA PHYSICIANS, INC., | ) |
| | ) |
|       Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.     Plaintiff, Amy Bigelow ("Bigelow"), brings this action against Defendant, Indiana University Health Southern Indiana Physicians, Inc., ("Defendant"), for unlawfully violating her rights as protected by the Age Discrimination in Employment Act ("ADEA"), as amended, and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended.

## PARTIES

2.     Bigelow has resided within the Southern District of Indiana at all relevant times.

3.     Defendant is a corporation doing business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 29 U.S.C. § 626(c);  and 42 U.S.C. § 2000e-5(f)(3).

5.     Bigelow was an "employee" within the meaning of 29 U.S.C. § 630(f) and 42 U.S.C. § 2000e(f).

6.     Defendant is an "employer" within the meaning of 29 U.S.C. § 630(b) and  42 U.S.C. § 2000e(b).

7.     Bigelow satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").  The EEOC issued a right-to-sue notice to Bigelow.  She now timely files her lawsuit.

8.     Venue is proper in this Court.

### FACTUAL ALLEGATIONS

9.     Bigelow is over the age of 40.

10.    Defendant hired Bigelow on or about February 11, 2013.  She held the position of Front Office Coordinator at the time of her unlawful termination.

11.    Bigelow's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

12     At all times relevant herein, Bigelow was supervised by Andrea Meyer, ("Meyer").

13.    Bigelow witnessed first hand as Defendant methodically terminated and/or attempted to get older co-workers to voluntarily terminate their employment.  On more than one occasion, Meyer remarked to Bigelow that she wished she could "get rid of the older employees."

14.    Further, the last several employees hired by Defendant at the location where Bigelow worked, are under 40 years of age and are substantially younger than Bigelow.

15.    Defendant has a pattern and practice of disciplining, discharging, replacing, and holding older employees to a higher standard than similarly situated employees under forty years of age.

16.    Bigelow is and was at all relevant times herein, in a same-sex relationship with a co-worker.  While being in a relationship with a coworker is not a violation of any of

Defendant's policies, Bigelow constantly experienced harassment by her co-workers and Meyer with regard to her same-sex relationship.  Bigelow's coworkers frequently made complaints that Bigelow's same sex relationship and physical proximity to her same-sex partner disgusted them and made them uncomfortable.  By way of example, but not limitation, Bigelow's coworkers would make complaints about Bigelow and her same-sex partner riding to work and taking their lunch break together.

17.     Bigelow complained to Defendant about her hostile work environment, but Defendant took no action to remedy the situation.

18.      On July 20, 2016, Bigelow was told by Meyer that she was being terminated for insubordination and time card falsification.

19.      Other similarly-situated co-workers who are substantially younger than Bigelow and/or not in a same-sex relationship have received substantially better treatment from Defendant than did Bigelow.

20.     Defendant has accorded more favorable treatment to similarly-situated employees who are substantially younger than Plaintiff and/or are not in a same-sex relationship.

21.     All reasons proffered by Defendant for adverse actions taken by it regarding Bigelow's employment are pretextual.

22.     Bigelow has suffered and continues to suffer injury as a result of Defendant's unlawful actions.

### COUNT I- AGE DISCRIMINATION – ADEA

23.     Bigelow hereby incorporates paragraphs 1-22 of her Complaint.

24.     Defendant took adverse employment actions against Bigelow based on her age.

25.     Defendant treated Plaintiff's similarly-situated younger co-workers more

favorably than it treated Plaintiff.

26.    Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Bigelow's rights under the ADEA.

<u>**COUNT II-SEXUAL ORIENTATION DISCRIMINATION – TITLE VII**</u>

27.    Bigelow hereby incorporates paragraphs 1-26 of her Complaint.

28.    Defendant took adverse employment actions against Bigelow because of her sex. Defendant took adverse employment actions against Bigelow because of her sexual orientation and/or her involvement in a same-sex relationship.

29.    Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Bigelow's rights as protected by Title VII.

30.    Bigelow has been damaged as a result of Defendant's unlawful actions.

<u>**COUNT III-SEXUAL ORIENTATION HARASSMENT/HOSTILE**</u>

<u>**ENVIRONMENT-TITLE VII**</u>

31.    Bigelow hereby incorporates paragraphs 1-30 of her Complaint.

32.    Defendant created a hostile work environment for Bigelow because of her sexual orientation and/or involvement in a same-sex relationship.

33.    Bigelow complained to Defendant about her hostile work environment, but Defendant took no action to remedy the situation.

34.    Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Bigelow's rights as protected by Title VII.

35.    Bigelow has been injured as a result of Defendant's unlawful conduct.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Amy Bigelow, by counsel, respectfully requests that this Court find for her and order that:

1.      Defendant reinstate Bigelow to the same position, salary, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2.      Defendant pay lost wages and benefits to Bigelow;

3.      Defendant pay liquidated damages to Bigelow;

4.      Defendant pay compensatory and punitive damages to Bigelow;

5.      Defendant pay pre- and post-judgment interest to Bigelow;

6.      Defendant pay Bigelow's attorneys' fees and costs incurred in litigating this action; and

7.      Defendant pay to Bigelow any and all other legal and equitable remedies this Court finds appropriate; and

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Natalie R. Dickey*
Natalie R. Dickey, Attorney No. 25294-41B

*s/ Spenser G. Benge*
Spenser G. Benge, Attorney No. 33955-48

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:     (317)955-2570
Email:         jhaskin@jhaskinlaw.com
               ndickey@jhaskinlaw.com
               sbenge@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Amy Bigelow, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone:    (317)955-9500
Facsimile:    (317)955-2570
Email:        jhaskin@jhaskinlaw.com
              ndickey@jhaskinlaw.com
              sbenge@jhaskinlaw.com